UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEAN B. BRYANT, solely in her capacity as court-appointed Independent Fiduciary for RETIREMENT SECURITY PLAN AND TRUST,<br><br>Plaintiff,<br><br>v.<br><br>TAMARACK MUNICIPAL ASSOCIATION, INC.,<br><br>Defendant. | Case No. 1:14-cv-00339-BLW<br><br>**ORDER** |

### INTRODUCTION

The Court has before it Bryant's Motion to Dismiss Counterclaims (Dkt. 23), and Tamarack's Alternative Motion to Amend Case Management Order and Alternative Motion for Leave to Amend the Counterclaim (Dkt. 26).

### LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the [plaintiff] fair notice of what the . . . [counterclaim] is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a counterclaim attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed

**ORDER - 1**

factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  To survive a motion to dismiss, a counterclaim must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  A claim has facial plausibility when the defendant pleads factual content that allows the court to draw the reasonable inference that the plaintiff is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a plaintiff has acted unlawfully. *Id.*  Where a counterclaim pleads facts that are "merely consistent with" a plaintiff's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* at 557.

 The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  First, the court need not accept as true, legal conclusions that are couched as factual allegations. *Id.*  Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.  Second, to survive a motion to dismiss, a counterclaim must state a plausible claim for relief. *Id.* at 679.  "Determining whether a [counterclaim] states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

 Providing too much in the counterclaim may also be fatal. Dismissal may be appropriate when the defendant has included sufficient allegations disclosing some absolute defense or bar to recovery. See *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision

**ORDER - 2**

one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the counterclaim "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 20009) (issued 2 months after *Iqbal*).[1] The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

## BACKGROUND

Bryant is the court-appointed Independent Fiduciary for Retirement Security Plan and Trust ("RSPT"). RSPT is the current lender holding loan documents related to the Osprey Meadows Golf Course and portions of the Lodge at Osprey Meadows at the Tamarack Resort. Tamarack is the current lessee of the Osprey Meadows Property, subject to a holdover lease imposed after Bryant exercised RSPT's rights under its loan

---

[1] The Court has some concern about the continued vitality of the liberal amendment policy adopted in *Harris v. Amgen*, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. . .."   Given *Twombly* and *Iqbal*'s rejection of the liberal pleading standards adopted by *Conley,* it is uncertain whether the language in *Harris v. Amgen* has much of a life expectancy.

**ORDER - 3**

documents.

Bryant filed this lawsuit against Tamarack to recover lease payments it alleges Tamarack owes RSPT for its continued occupation and use of the Osprey Meadows Property. Tamarack responded with two counterclaims against Bryant: (1) unpaid assessments; and (2) unjust enrichment.

According to the pleadings, taken in the light most favorable to Tamarack as required on this motion to dismiss, RSPT is the assignee of certain property rights in Osprey Meadows. Those rights arise from the assignment of rents language in the mortgage and the assignment of rents agreement for Osprey Meadows. RSPT gained possession of these ownership interests through the agreement and assignment of sale proceeds between RSPT and James W. Fletcher. West Mountain Golf is indebted to Tamarack for unpaid municipal assessments, and RSPT, as West Mountain Golf's assignee, is liable to Tamarack for those unpaid municipal assessments. The municipal assessments due to Tamarack have accrued from West Mountain Golf's ownership of certain units within the Lodge at Osprey Meadows ("Lodge"). West Mountain Golf leased to Tamarack and agreed to Tamarack's occupancy and operation of certain portions of its units within the Lodge beginning in July 2009, and additional portions beginning in May 2012. Based upon the terms of lease and occupancy agreements, Tamarack made payments on behalf of West Mountain Golf toward the general assessments owed to the Lodge association. In addition to the expenditures required by the lease and occupancy agreements, Tamarack expended additional resources in the form of administrative services, materials, payroll, labor, and professional fees in order to

**ORDER - 4**

manage and operate Osprey Meadows and the occupied Lodge units. Tamarack's expenditure of such funds and resources has maintained the value of Osprey Meadows and the Lodge units, and increased the value of those properties, both before and after RSPT acquired its assignment of interests. Tamarack's maintenance of Osprey Meadows and the Lodge units benefits RSPT.

## ANALYSIS

Tamarack asserts two counterclaims against Bryant: (1) unpaid assessments; and (2) unjust enrichment. Bryant asks the Court to dismiss those claims without leave to amend.

The first counterclaim requests payment of overdue municipal assessments RSPT allegedly owes Tamarack. Tamarack cites to the Tamarack Bylaws and the Second Amended and Restated General Declaration for Tamarack Resort as covenants which indicate that Tamarack imposes assessments on all units in the resort. Tamarack then asserts that as West Mountain Golf's assignee, RSPT is liable for payment of these assessments, which have not been paid.

This is sufficient to assert the claim for unpaid assessments and survive the motion to dismiss. The Court will note that Tamarack acknowledges that it is not trying to collect any dues RSPT may owe the Lodge association, and thus it may not make such an allegation down the road – any such assertion is not in the counterclaim.

The second counterclaim is for unjust enrichment by RSPT by Tamarack. The elements of unjust enrichment are: "(1) a benefit is conferred on the defendant by the plaintiff; (2) the defendant appreciates the benefit; and (3) it would be inequitable for the

**ORDER - 5**

defendant to accept the benefit without payment of the value of the benefit." *Indian Springs L.L.C v. Andersen,* 302 P.3d 333, 337 (Idaho 2012).

Here, Tamarack asserts that it has made payments to the Lodge to cover assessments owed by West Mountain Golf. Tamarack asserts that it also provided administrative services, materials, payroll, labor, and professional fees to benefit the Lodge. Tamarack asserts that as West Mountain Golf's assignee, RSPT has benefited directly from these payments and services which have enhanced the value of the Lodge in which RSPT claims an interest. Tamarack asserts that it would be inequitable for RSPT to benefit from these payments and services, and therefore unjustly enriched. These allegations are sufficient to avoid dismissal.

The Court will note that Tamarack will certainly need to connect the dots to some extent in order to prevail on its counterclaims. But, as noted above, Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. Tamarack has met that burden here on both counterclaims – in fact, both claims are fairly simple, even though Tamarack will likely need to provide more evidence at trial regarding issues such as the assignment, assessments, payments made to the Lodge, services rendered, etc. However, the allegations in the counterclaims put Bryant on

sufficient notice of the claims. Accordingly, the Court will deny the motion to dismiss. In turn, the Court will deem moot the motion to amend the counterclaims.

## ORDER

**IT IS ORDERED:**

1. Bryant's Motion to Dismiss Counterclaims (Dkt. 23) is **DENIED**.

2. Tamarack's Alternative Motion to Amend Case Management Order and Alternative Motion for Leave to Amend the Counterclaim (Dkt. 26) is **DEEMED MOOT**.

DATED: May 1, 2015

B. Lynn Winmill
Chief Judge
United States District Court

ORDER - 7