UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEANNE B. BRYANT, solely in her capacity as court-appointed independent fiduciary for RETIREMENT SECURITY PLAN AND TRUST,<br><br>      Plaintiff,<br><br>  v.<br><br>TAMARACK MUNICIPAL ASSOCIATION, INC., an Idaho corporation,<br><br>      Defendant. | Case No. 1:14-cv-00339-BLW<br><br>MEMORANDUM DECISION AND ORDER |

The Court has before it Plaintiff's F.R.C.P. 59(e) Motion to Alter or Amend Court's Order (Dkt. 57). A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress.  The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.*, 591 F.2d 74, 79-80 (9th Cir. 1979).  While even an interlocutory decision becomes the "law of the case," it is not

necessarily carved in stone.  Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912).  "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous.  There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988).

Reconsideration of a court's prior ruling under Federal Rule of Civil Procedure 59(e) is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citation omitted).  If the motion to reconsider does not fall within one of these three categories, it must be denied.

Here, Plaintiff has essentially asked the Court to re-think its earlier ruling. The Court thoroughly considered the briefing and oral argument, and made its earlier decision. Rule 59 is not intended to provide litigants with a "second bite at the apple," and the Court will not entertain such a request. *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th

Cir. 2001). Plaintiff has not met any of the three requirements for reconsideration. Accordingly, the Court will deny the motion.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's F.R.C.P. 59(e) Motion to Alter or Amend Court's Order (Dkt. 57) is **DENIED.**



DATED: November 5, 2015

B. Lynn Winmill
Chief Judge
United States District Court